# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICKY LYNN HATFIELD,** : | |
|     **Petitioner** : | |
|     **v.** : | **CIVIL ACTION NO. 3:17-1620** |
| **BARRY R. SMITH,** : | **(Judge Mannion)** |
|     **Respondents** : | |

## MEMORANDUM

Ricky Lynn Hatfield, an inmate presently confined in the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1, petition). He attacks a conviction imposed by the Court of Common Pleas for Franklin County, Pennsylvania. Id. For the reasons that follow, the Court will dismiss the petition as untimely.

## I.   Background

The following background has been extracted from the Pennsylvania Superior Court's February 17, 2017 Memorandum Opinion affirming the sentencing court's dismissal of Petitioner's petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541 - 9546. (Doc. 8-1 at 82-84).

On April 30, 2014, Hatfield entered a plea of *nolo contendere* to two counts of aggravated assault by vehicle while driving under the influence (DUI).[1] The charges stemmed from an incident in which Hatfield, while driving his tractor-tailor cab under the influence, veered off the roadway and hit two men who were working on a disabled vehicle on the side of the road. The victims suffered serious injuries. On May 2, 2014, Hatfield filed a motion to withdraw his plea, asserting that he "wants to wait and see if the victims get out of their wheelchairs before making a decision on the plea offer." Motion to Withdraw Plea, 5/2/14, at ¶3. After a hearing, the court denied Hatfield's motion and, on May 28, 2014, sentenced him to an aggregate term of 42 to 120 months' imprisonment.

On June 9, 2014, Hatfield filed a post-sentence motion to withdraw his plea and for modification of sentence. The court held a hearing on July 31, 2014, at which Hatfield was represented by new counsel. The court denied Hatfield's motion that same day; no direct appeal was filed.

On June 17, 2015, Hatfield filed a timely *pro se* PCRA petition and the court appointed Shane Kope, Esquire, to represent him. On August 27, 2015, Attorney Kope filed a "no-merit" letter pursuant to *Turner/Finley*[2] and requested to withdraw as counsel. The court granted counsel's request on August 31, 2015, and entered an order pursuant to Pa.R.Crim.P. 907 notifying Hatfield of its intent to dismiss his petition. Hatfield filed a response to the court's Rule 907 notice on September 18, 2015;[3] the court

---

1. 75 Pa.C.S.A. §3735.1.

2. See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).

3. Hatfield's response to the court's Rule 907 notice was docketed on October 29, 2015, well past the 20 days authorized in the Rule 907 notice. However, pursuant to the prisoner mailbox rule, the response, having been mailed on September 18, 2015, is deemed timely filed. Commonwealth v.

dismissed his petition on that same date.

Hatfield filed a timely notice of appeal and court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hatfield raises the following issues, *verbatim*, for our review:

1. Was the plea invalid pursuant to [Pa.R.Crim.] 590, in relation to the in court colloquy?

2. Did the court abuse discretion in denying the motion to withdraw plea? (Without hearing) – (Which includes the underlying issue).

3. Did [Hatfield] suffer ineffective assistance for the purpose of appeal?

4. Did [Hatfield] suffer ineffective PCRA counsel, and was PCRA counsel['] *Finley* letter defective?

5. Did [Hatfield] suffer a breach of plea agreement/promise to waiving his right to preliminary hearing?

6. Is *nunc pro tunc* relief due [Hatfield] and should sentence be imposed based upon his knowledge of the plea?

7. *Pro se* appellant was denied assistance of counsel at the time of sentencing.

Brief of Appellant, at 3.

(Doc. 8-1 at 82 -84). On February 17, 2017, the Pennsylvania Superior Court

---

Chambers, 35 A.3d 34, 38 (Pa. Super. 2011) (under prisoner mailbox rule, *pro se* prisoner's document deemed filed on date he delivers it to prison authorities for mailing).

affirmed the PCRA Court's dismissal of Hatfield's PCRA petition. Id. No further appeal was filed.

On September 11, 2017, Hatfield filed the instant petition for writ of habeas corpus. (Doc. 1, petition). He raises the following claims:

> 1. Was the plea invalid pursuant to [PA.R.CrimP.] 590, in relation to the court colloquy?
>
> 2. Did the court abuse discretion in denying the motion to withdraw plea? (Without hearing).
>
> 3. Did Petitioner suffer ineffective assistance of counsel for the purpose of appeal?
>
> 4. Did Petitioner suffer ineffective PCRA counsel, and was PCRA counsel's Finley letter defective?
>
> 5. Did Petitioner suffer a breach of plea agreement/promise prior to waiving his right to preliminary hearing?
>
> 6. Is *nunc pro tunc* relief due petitioner and should his sentence be imposed based upon his knowledge of the plea?
>
> 7. Was petitioner denied effective assistance of counsel at the time of sentence?

Id.

On October 30, 2017, the Court issued an administrative order with notice of limitations on filing of future motions under 28 U.S.C. §2254. (Doc. 2).

On November 17, 2017, Petitioner returned the Notice of Election,

indicating that he wished to have his petition ruled on as filed. (Doc. 3).

On February 28, 2018, the Court issued an Order to show cause. (Doc. 4).

On March 20, 2018, a response to the petition was filed (Doc. 14), and on May 28, 2018, a memorandum in support of the response was filed. (Doc. 8). On June 18, 2018, Petitioner filed a traverse. (Doc. 9).

By Order dated August 12, 2019, the Court, having reviewed the response and traverse for disposition, and it appearing that the petition may be barred by the statute of limitations, directed the parties to file a memorandum concerning the timeliness of the petition. (Doc. 10).

On August 23, 2019, Respondent filed a memorandum of law, arguing that the petition is untimely. (Doc. 11). No traverse has been filed.

**II       Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A)

5

> the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion

of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable

7

tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A. Statutory Tolling

On July 31, 2014, Hatfield's post-sentence motion was denied. No direct appeal was filed. Thus, his conviction became final on September 1, 2014, the day the time period for filing a direct appeal with the Superior Court expired.[4] The limitations period for filing a 2254 petition commenced on September 1, 2014, giving Petitioner until September 1, 2015 to file his federal petition, absent statutory or equitable tolling of the period. Hatfield, however, did not commence the instant proceedings until September 11, 2017, more than two years after the expiration of the statue of limitations. As such, the petition for

---

4. In Pennsylvania, a criminal defendant has thirty days from the entry of the order deciding the post sentence motion to file a direct appeal with the superior court. See Pa.R.Crim.P. 720(A)(2)(a).

8

habeas corpus relief under §2254 is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

Pursuant to 28 U.S.C. §2244(d)(2), when Hatfield filed his PCRA petition on June 17, 2015, the AEDPA's filing period was statutorily tolled with approximately 76 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until February 17, 2017, when the Pennsylvania Superior Court affirmed the dismissal of his PCRA petition. Because Petitioner did not file an appeal with the Pennsylvania Supreme Court, his conviction became final on March 20, 2017, or thirty (30) days after the time for filing an appeal to the Pennsylvania Supreme Court expired. See 28 U.S.C. §2244(d)(1)(A); Pa. R. App. P. 903. Accordingly, the remaining 76 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on March 20, 2017 and expired on June 5, 2017. The instant petition was not filed until September 11, 2017[5], over three months after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and

---

5. Even if this Court were to consider August 31, 2017, the date the petition was signed by Petitioner, as the file date, the petition is still untimely by over two months.

should be dismissed as untimely, unless the statute of limitations is subject to equitable tolling.

## B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some

should be dismissed as untimely, unless the statute of limitations is subject to equitable tolling.

## B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some

extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Jones, 195 F.3d at 159).

Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

## III. <u>Certificate of Appealability</u>

When a district court denies a habeas petition on procedural grounds

without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 30, 2019**
17-1620-01